THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* LANCELOT M. BERKELEY, Appellant.

(Argued January 7, 1935; decided January 15, 1935.)

*Lancelot M. Berkeley,* in person, for appellant. The Multiple Dwelling Law does not impose on agents the duty to make repairs or alterations. (*Altz* v. *Leiberson,* 233 N. Y. 16; *McAlpin* v. *Powell,* 70 N. Y. 126; *Slater* v. *Barnes,* 207 App. Div. 413.)

*Paul Windels, Corporation Counsel* (*Henry J. Shields* and *Paxton Blair* of counsel), for respondent.

*Per Curiam.* Defendant was charged with the commission of a misdemeanor by violating provisions of the Multiple Dwelling Law (Laws of 1929, ch. 713; Cons. Laws, ch. 61-A). The information charged that the defendant was the agent having the management and control of a certain class A multiple dwelling. An inspector in the Tenement House Department of the city of New York, who verified the information, testified at the trial that he never saw defendant at the premises and never had any conversation with him; that he did not know that he was agent of the building or that he had management or control of it. It does appear that defendant filed an application for alterations of the building in question with the Tenement House Department. He verified the application simply as "Attorney in Fact;" that he hired two plumbers to do some work in the building and made payments to them therefor, and at least some of the payments were made by checks signed "L. M. Berkeley, power of attorney." It was conceded at the trial that no effort was made to locate the owner of the building, although the name of the owner was known, apparently. The testimony presented did not establish beyond a reasonable doubt that defendant was a person who had assisted in the violation of a provision of the Multiple Dwelling Law.

The judgments should be reversed and the information dismissed.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur; FINCH, J., not sitting.

Judgments reversed, etc.